In re: *SAVIENT PHARMACEU-
TICALS, INC. SECURITIES
LITIGATION.

A.F.I.K. Holding SPRL, individually
and as class representative,
Appellant.

* (Amended in accordance with the
Clerk's Order dated 03/26/07).

No. 06–4864.

United States Court of Appeals,
Third Circuit.

Argued: June 24, 2008.

Filed: July 2, 2008.

Frederick W. Gerkens, III, Esq. (Argued), Glancy, Binkow & Goldberg, New York, NY, and Lionel Z. Glancy, Esq., Robert M. Zabb, Esq., Glancy, Binkow & Goldberg, Los Angeles, CA, for Appellant.

Irwin H. Warren, Esq. (Argued), Weil, Gotshal & Manges, New York, NY, and Robert B. Kaplan, Esq., Greenberg Taurig, Florham Park, NJ, for Appellees.

Before: SLOVITER, BARRY and ROTH, Circuit Judges.

### OPINION

BARRY, Circuit Judge.

Plaintiff appeals the dismissal of its consolidated class action securities fraud complaint—the Second Amended Complaint—which charged Bio–Technology General Corp. (now Savient Pharmaceuticals, Inc.) and three of its senior officers with mak-

ing false and misleading statements about the corporation's financial performance in 1999, 2000, and 2001. The District Court dismissed the Second Amended Complaint finding, as it had with reference to the initial consolidated class action complaint, that scienter had not been adequately pled. Because plaintiff had already had "two large bites at the apple" and because further amendment would be futile, the dismissal was with prejudice. The predominant issue before us is whether the District Court erred in finding that the Second Amended Complaint failed to adequately plead scienter. Our review is plenary. *Winer Family Trust v. Queen*, 503 F.3d 319, 325 (3d Cir.2007).

We have reviewed the extensive record in this case; indeed, the complaints alone cover 120 and 162 pages, respectively. We have also reviewed the thorough, thoughtful and, in a word, superb opinions of the District Court, the first opinion comprehensively analyzing the numerous allegations of the initial consolidated class action complaint in light of the applicable law and laying out a road map for plaintiff to follow,[1] and the second opinion explaining, after a close review of the Second Amended Complaint, the deficiencies that remained.[2]

This is a case in which we need do no more than recognize the excellence of the District Court's opinions; indeed, it would make little or no sense to even attempt to match the quality of that work. And so, substantially for the reasons set forth by the Honorable Harold A. Ackerman, we will affirm.

---

1. *In re Bio–Technology General Corp. Sec. Litig.,* 380 F.Supp.2d 574 (D.N.J.2005).

2. *In re Bio–Technology General Corp. Sec. Litig.,* No. Civ. A. 02–6048, 2006 WL 3068553 (D.N.J. Oct. 26, 2006).